FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -2  AM 11: 07

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISABELE J. CARROLL | CIVIL ACTION |
| VERSUS | NO:     03-0569 |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, ET AL | SECTION:  "S" (4) |

## REPORT AND RECOMMENDATION

Before the Court is the plaintiff's **"Plaintiff's Motion for Attorney Fees"** (doc. #71) filed on July 13, 2005, which was referred to the undersigned United States Federal Magistrate Judge for a determination of the appropriate amount of attorney's fees and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636 (b)(1)(B).

The plaintiff, Isabele J. Carroll, seeks recovery of attorney's fees in the amount of $35,943.57. The defendant, United of Omaha Life Insurance Company ("Omaha") filed an opposition motion on July 27, 2005. Under L.R. 7.5, Omaha's opposition motion was "due no later than the eighth calender day prior to the noticed hearing date . . . ." Thus, Omaha's motion is untimely and will not be considered.

**I.     Background**

Carroll brought suit against Omaha under the Employment Retirement Income Security Act ("ERISA") alleging it underpaid her as the beneficiary of her deceased husband's life insurance.

Carroll alleged an underpayment amount of $193,834.10. Omaha answered alleging that it paid Carroll the total amount due under her husband's life insurance policy. Approximately one year later, Carroll added her deceased husband's employer, ConAgra Foods, Inc. ("ConAgra"), as a defendant. All parties then filed cross motions for summary judgment.

On June 16, 2005, the District Court granted ConAgra's motion for summary judgment and dismissed it from the case. (Rec. Doc. # 68). It also granted Carroll's motion for summary judgment concluding that Omaha abused its discretion when calculating Carroll's benefits and that Omaha's interpretation of the policy directly contradicted the policy's plain language. *Id.* Pursuant to its conclusion that Omaha abused its discretion when calculating Carroll's benefits, the Court granted Carroll's motion for attorney fees pursuant to ERISA's attorney's feed award statute. *See* 29 U.S.C. § 1132(g); *Vega v National Life Ins. Services, Inc.*, 188 F.3d 287, 302 (5th Cir. 1999). The matter was referred to the undersigned Magistrate Judge for determination of the appropriate amount of fees to be awarded.

On July 1, 2005, the Court ordered Carroll to submit satisfactory evidence of the reasonable number of hours expended and contemporaneous billing records reflecting the hours of work performed (doc #70). Carroll complied with the order and filed a motion for attorney's fees requesting an award totaling $35,943.57. In support of the award, Carroll submitted billing reports and affidavits from her attorneys Vincent J. Booth and Townsend M. Myers. She seeks to recover $200.00 an hour for 71.33 hours of work or $14,266.67 for Booth, and $175.00 an hour for 118.3 hours of work or $20,702.50 for Myers. She also submitted an affidavit from a practicing attorney and a copy of the fee agreement as proof of fees she contends are reasonable.

II. **Standard for Awarding Attorney Fees**

Under 29 U.S.C. § 1132, the Court may award reasonable attorney's fees. *See* 29 U.S. § 1132(g)(1). The Fifth Circuit has noted that "[a] reasonable attorneys' fee is one that is adequate to attract competent counsel, but . . . that does not produce windfalls to attorneys." *Leroy v. City of Houston*, 906 F.2d 1068, 1078-1079 (5th Cir. 1990) (internal quotations omitted) (quoting *Blum v. Stenson*, 465 U.S. 886 (1984). The party seeking attorney's fees has the burden of establishing the reasonableness of the fees by "submit[ting] adequate documentation of the hours reasonably expended." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997).

A. **The Lodestar**

The Supreme Court has noted that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of this calculation is called the lodestar. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar is presumed to yield a reasonable fee. *See Blum*, 465 U.S. at 898-900.

The burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). If the party opposing the fee petition meets its "burden of proving that an adjustment is necessary," the court has wide discretion to adjust the attorneys' fee for a variety of reasons such as inadequate documentation of hours spent, reasonableness of hours expended or duplication of efforts. *Id.*

3

B.  **Reasonable Hourly Rate**

Attorney's fees are to be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). It is not contested that the relevant community is the New Orleans legal market.

The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work. *Blum*, 465 U.S. at 896 n.11. It must also speak to rates actually billed and paid in similar lawsuits. Thus, testimony that a given fee is reasonable is not satisfactory evidence of market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Evidence of rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breath of the sample of which the expert has knowledge. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

As proof of the reasonableness of the rates charged, Carroll submitted the affidavits of Vincent J. Booth and Townsend M. Myers. She also submitted the affidavit of Pete Lewis, an experienced local attorney, as proof of the prevailing market rate. The Court will now consider whether the affidavits provide sufficient evidence to meet Carroll's burden of establishing a "reasonable rate."

4

1. **Vincent Booth**

Vincent Booth testified in his affidavit that he is an attorney with over 17 years of experience. He obtained his Juris Doctor from Tulane University Law School in 1987 and clerked for one year in the Western District of Louisiana. His primary areas of practice are commercial litigation, personal injury, and criminal law, both in State and Federal Courts. Since 1992 Booth has also been licensed in the State of California. Booth further testified in his affidavit that his normal billing rate is $200.00 an hour.

2. **Townsend M. Myers**

Townsend M. Myers testified that he graduated from the University of Chicago Law School in 1993. He was licensed to practice law in Illinois in 1993, and was licensed to practice in Louisiana in 1998. His primary areas of practice are criminal defense and general civil litigation. He further states in his affidavit that he represented defendants in over 2000 cases in State and Federal Court over the past twelve years, including the litigation of over 50 criminal trials. Finally, he testified that his normal billing rate is $175.00 an hour.

3. **Pete Lewis**

In support of the hourly rates for Booth and Myers, Carroll provided the affidavit of Pete Lewis. Lewis testified in his affidavit that he has been licensed and practicing in the State of Louisiana since 1977 and that he has handled matters under the Employee Retirement Income Security Act. He further testified that he reviewed the affidavits and time billing records submitted by Booth and Myers, and, based on his experience, he believes that the amount of hours billed and the rates requested from the Court are in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

The Fifth Circuit has held that "when an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *La. Power and Light*, 50 F.3d at 328. Here, the hourly rate is prima facie reasonable because it is uncontested by Omaha.

### C. Reasonableness of the Hours Expended

The party seeking attorneys' fees must present adequately documented time records to the court. *Watkins v Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded from any award of attorney's fees. *Raspanti v. United States Dept. of the Army*, No. CIV.A.00-2379, 2001 WL 1081375, at *6 (E.D. La. Sep. 10, 2001). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).

#### 1. Billing Judgment

The fee seeker's attorneys are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." *Walker*, 99 F.3d at 770. When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended. *Hensley,* 461 U.S. at 434.

The party seeking the award must demonstrate the exercise of billing judgment by showing all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.

Booth and Myers make no reference to whether they exercised billing judgment. The billing records submitted to this Court contain no mention of any hours expended but not billed to the client, and it is therefore presumed that they did not exercise billing judgment. When billing judgment is lacking, as in this case, the Court must exclude from the lodestar the calculation of the hours that were not reasonably expended. *Walker*, 99 F.3d at 770. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage. *Id.* Alternatively, this Court can conduct a line by line analysis of the bills. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002). In this case, the Court conducted a line by line analysis of the billing records submitted by Carroll.

    2.    **The Court's Review**

        a.    **Time Excluded because of Vagueness**

It is well settled that supporting documentation for attorney's fees must be of sufficient detail and probative value to enable the court to "determine with a high degree of certainty" that the billing is reasonable. *Miss. State Chapter Operation Push v. Mabus*, 788 F.Supp. 1406, 1416. (N.D. Miss. 1406); *See League of United Latin American Citizens No. 4552 v. Roscoe ISD*, 119 F.3d 1228 (5th Cir. 1997) (noting that litigants "take their chances" when submitting vague fee applications). Descriptions such as " legal issues", " conference re: all aspects" and "call re: status" are vague descriptions. *In re Donovan*, 877 F.2d 982, 995 (D.C. Cir. 1989); *Lalla v. City of New Orleans*, 161 F.Supp.2d 686, 706 (E.D. La. 2001). After reviewing the time records, the Court concludes that the following entries are too vague to merit an award:

**Vincent Booth**

| DATE | TASK | TIME EXCLUDED |
|---|---|---|
| 11/8/02 | Review letter from Fetter | 0.17 |
| 5/3/02 | Review letter from Diane Quinones, conf with Townsend | 0.50 |
| 11/4/04 | conf with Virginia Roddy, conf with Townsend re: opposition | <u>0.25</u> |
| | **Total of Booth's Time Excluded because of Vagueness** | 0.92 |

**Townsend Myers**

| DATE | TASK | TIME EXCLUDED |
|---|---|---|
| 6/28/05 | Memo to file; mtg VJB | 3.70 |
| 11/8/02 | review letter from T. Fetter | 0.20 |
| 12/10/02 | conf w/ VJB | 0.50 |
| 3/7/03 | conf w/ VJB | 1.00 |
| 10/2/03 | prepare memo to file re: TO DO list | 0.50 |
| 12/9/04 | mtg w/ VJB | 0.20 |
| 12/10/04 | mtg w/ VJB | <u>0.20</u> |
| | **Total of Myers' Time Excluded because of Vagueness** | 6.30 |

                **b.**        <u>**Time Excluded as Duplicative**</u>

When the plaintiff chooses two attorneys to represent her in the lawsuit, the defendant is not required to pay for duplicative work among the attorneys. *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The Court reviewed the submitted billing records for duplicative work. Because Booth is listed as lead counsel in this case, the Court will subtract any duplicative time from Myers's billing records.

| DATE | TASK | TIME EXCLUDED |
|---|---|---|
| 10/11/02 | review letter from R. Limbeck w/ VJB | 0.70 |
| 10/31/02 | Meet w/ VJB re letter to Omaha | 0.70 |

| DATE | TASK | TIME EXCLUDED |
|---|---|---|
| 12/10/02 | conf with VJB | 0.50 |
| 6/12/03 | conf w/ VJB re accord and satisfaction defense | 0.50 |
| 10/21/04 | travel to Omaha for DEPO; prepare | 7.00 |
| 10/22/04 | take 30B6 depos of United and ConAgra | 7.00 |
| 11/18/04 | mtg w/ VJB re SJ | 0.30 |
| **Total of Myers's Time Excluded because it is Duplicative** | | **16.7** |

### c.  Time Excluded as Not Recoverable

The billing records submitted by Carroll include the time spent on bringing and maintaining her action against ConAgra. However, Carroll provides no reason why she is entitled to recover attorney's fees from Omaha for her claims against ConAgra that the District Judge dismissed.[1]

The Court concludes that assessing attorney's fees against Omaha for Carroll's failed efforts to prevail on an action against ConAgra directly contravenes Fifth Circuit jurisprudence. Granting such an award could create the windfall that the *Leroy* court cautions against. *See Leroy*, 906 F.2d at 1078-1079. Thus, this Court excludes the time Carroll spent on her claim against ConAgra.

After reviewing the billing records, the Court concludes the following time was expended on her action against ConAgra and are not recoverable:

---

[1] The Court notes that this case was pending against Omaha for over eleven months before Carroll added ConAgra as a defendant, leading the Court to conclude that Carroll was unsure at the inception of the case whether bringing a claim against ConAgra was appropriate.

**Vincent Booth**

| DATE | TASK | TIME EXCLUDED |
|---|---|---|
| 10/7/04 | Conf with Clark and Loehn, review pleadings filed by ConAgra, conf with Townsend re: admissibility of evidence | 1.00 |
| 11/8/04 | Draft Opposition to Motion in Limine | 1.50 |
| 11/9/04 | finalize opposition to Motion in Limine | 1.75 |
| 12/10/04 | Review ConAgra reply memo, conf with Townsend, legal research cases cited by ConAgra | 1.50 |
| | **Total of Booth's Time Excluded as Not Recoverable** | **5.75** |

**Townsend Myers**

| DATE | TASK | TIME EXCLUDED |
|---|---|---|
| 5/13/04 | draft initial disclosure to ConAgra | 0.50 |
| 7/8/04 | prepare discovery for ConAgra | 2.50 |
| 7/9/04 | revise and finalize discovery | 1.50 |
| 8/27/04 | prepare request for production to ConAgra | 1.20 |
| 11/4/04 | mtg w/ VJB re Motion in limine | 0.20 |
| 11/9/04 | draft response to Motion in limine | 2.60 |
| 11/9/02 | revise response to Motion in limine | 1.50 |
| 11/17/04 | finalize and print response to Motion in limine | 0.50 |
| 11/9/04 | draft response to Motion in limine | **2.60** |
| | **Total of Myers' Time Excluded as Not Recoverable** | **13.10** |

### 3.  Total Reduction in Hours for Booth and Myers

Based on the deductions in the hours expended, the Court determines that Booth's claim of 71.33 hours expended is reduced by 6.67 hours, for a total hourly award of 64.66 hours. The Court deducts one hour because the billing sheet provided by Booth double billed the client for the initial meeting. Thus, the total hourly award is 63.66 hours. Only 52.66 will be charged at the full hourly

fee because approximately seven hours were for "travel to Omaha for DEPO; prepare." Because the Court will not guess what proportion of the time was spent in preparing and what proportion was spent in travel, all seven hours will be treated as travel hours and will be billed at half the regular rate. *See Shapiro v. Textron, Inc.*, No. CIV.A.95-4083, 1997 WL 45288, at *2 (E.D. La, Feb. 4, 1997)(fixing the hourly rate of travel time and clerical work at half the reduced rate). Additionally, four more hours was spent returning to New Orleans.

The Court determines that Myers' claim of 118 hours expended is reduced by 36.1 hours, for a total hourly award of 81.9 hours.

### D. Reasonable Hours Expended Multiplied by Reasonable Hourly Rate

In order to determine the reasonable amount of attorney's fees to award, the Court then multiplies the reasonable hours expended by the reasonable hourly rate. In doing so, the Court determined that Carroll is entitled to the following award for attorney's fees:

| | | |
|---|---|---|
| **Booth:** | 52.66 hours at an hourly rate of $200.00 is | **$10,532.00** |
| **Booth:** | 11 travel hours at an hourly rate of $100.00 is | **$ 1,100.00** |
| **Myers:** | 81.9 hours at an hourly rate of $175.00 is | **$14,332.50** |

Therefore, Carroll may recover a combined amount of **$25,964.50** in attorney's fees.

### E. The Johnson Factors

Once the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

The Court considered Carroll's attorneys' skill, experience, reputation, and ability, as well as awards made in similar cases. Therefore, the lodestar requires no further adjustments due to any of the *Johnson* factors as certain factors have already been considered and accounted for in determining the lodestar.

### III. The Recommendation

For the reasons set forth herein, it is **RECOMMENDED** that the plaintiff's **"Plaintiff's Motion for Attorney Fees"** (doc. #71) be **GRANTED** and that the plaintiff be awarded her reasonable attorney's fees in the amount of **$25,964.50**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ____ day of February 2006

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE