UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ISABELE J. CARROLL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-0569** |
| **UNITED OF OMAHA LIFE INSURANCE CO.**, *ET AL.* | **SECTION "S" (4)** |

## ORDER AND REASONS

On July 13, 2005, plaintiff Isabele J. Carroll filed a motion for attorneys' fees (Document 71), which this court referred to the magistrate judge. On February 2, 2006, the magistrate judge recommended that the court award plaintiff $25,964.50 in attorneys' fees (Document 85). Defendant United of Omaha Life Insurance Company has objected to this recommendation, and plaintiff has requested that the court award attorneys' fees in excess of the amount recommended by the magistrate judge.[1] The court, after considering the record, the applicable law, the Report and Recommendation of the magistrate judge, and defendant's objection, hereby awards plaintiff $35,943.57 in attorneys' fees, the full amount sought by plaintiff.

---

[1] Although plaintiff did not file a formal objection to the magistrate judge's recommendation, the failure to file an objection "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn,* 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

The magistrate judge reduced the amount of fees sought by plaintiff because certain of plaintiff's counsel's billing entries were vague, some of the time spent by attorney Townsend Myers was duplicative of the efforts of lead counsel Vincent Booth, and some fees were expended to litigate plaintiff's claim against ConAgra. The court finds that these are not appropriate justifications for reducing plaintiff's fee award. The billing entries singled out by the magistrate judge are not excessively vague, and the amount sought is proportional to the tasks that are described. Myers' time is not duplicative of Booth's time simply because both counsel assisted each other in certain tasks, such as taking the critical Rule 30(b)(6) depositions of the defendants. Although some billing entries concern issues relating to ConAgra, this work was necessary regardless of whether ConAgra was a defendant because it was decedent's employer, and because its Employee Benefits Committee was the plan administrator.

Accordingly,

**IT IS ORDERED** that plaintiff's "Motion for Attorney Fees" is hereby **GRANTED**, and the court awards plaintiff attorneys fees in the amount of $35,943.57.

New Orleans, Louisiana this  24th  day of March, 2006.

_____
**Mary Ann Vial Lemmon
United States District Judge**